# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DOMONIC D. ROBINSON,**

        **Plaintiff,**

**-vs-**                                               **Case No. 6:08-cv-1241-Orl-19DAB**

**LEE TEMPS,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**      **July 28, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

    In reviewing an application to proceed *in forma pauperis*, the Court may dismiss the case or refuse to permit it to continue without payment of fees "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1988). Plaintiff's complaint[1] is unclear and, in some respects, ambiguous as to the relief sought and the legal bases for seeking relief. The gist of the complaint is apparent, however: Plaintiff seeks to recover $1,000,000 in damages from Defendant "Lee Temps,"

---

[1] This action is one of two nearly incomprehensible cases filed by Plaintiff on the same day. *See* Case No. 08cv1242.

a person or entity which she does not describe in the Complaint, other than to say "appellee is in Virginia."[2] Doc. No. 1.

The Court cannot, on the basis of this complaint, determine whether Plaintiff has stated (or could state) cognizable claims under state law for these matters. It is obvious, however, that Plaintiff has not raised any *federal* issue that can be heard in this Court. Plaintiff's claim is apparently an "appeal" from a "state workers' compensation award" that was set for hearing in April 2005 in Virginia and subsequently canceled. Doc. No. 1. Plaintiff also vaguely alleges that her work at Kinkos is being "sabotaged" and people in Starbucks and Blockbuster are making comments about her. Doc. No. 1. She moves the Court to "waive the cost of the bond and change the venue." Doc. No. 1.

Under Eleventh Circuit precedent, a lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Cummings v. United States*, No. 6:07cv1029-Orl-22UAM, 2007 WL 2302279, *2 (July 25, 2007 M.D. Fla. 2007) (citing *Clark v. Georgia Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)). The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Cummings*, 2007 WL 2302279 at *2. "The pauper's affidavit should not be a broad highway into the federal courts." *Id.* (citing *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir.1984)). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Id.* (citing *Phillips*, 746 F.2d at 785). Plaintiff's remedies must lie, if at all, with the state courts which have jurisdiction to hear appeals in workers compensation cases under a specific statutory scheme.

---

[2]Plaintiff asserts no basis for this Court to exercise personal jurisdiction over this apparently Virginia based defendant.

Moreover, Plaintiff has substantial cash and real estate assets and income. As such, she does not qualify to proceed *in forma pauperis*.

It is respectfully recommended that Plaintiff's application be **DENIED** and that the action be **DISMISSED** if Plaintiff fails to pay the required filing fee within 11 days from the date of any Order adopting or affirming this Report and Recommendation. Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 29, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Plaintiff Domonic D. Robinson
Courtroom Deputy