UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DOMONIC D. ROBINSON,**

    **Plaintiff,**

**-vs-**                     **Case No. 6:08-cv-1241-Orl-19DAB**

**LEE TEMPS,**

    **Defendant.**

_____

# ORDER

This case comes before the Court on the following:

1. Motion for Leave to Proceed *In Forma Pauperis* by Plaintiff Domonic D. Robinson (Doc. No. 2, filed July 25, 2008);

2. Report and Recommendation to Deny the Motion for Leave to Proceed *In Forma Pauperis* by the United States Magistrate Judge (Doc. No. 3, filed July 29, 2008);

3. Objection to the Report and Recommendation of the United States Magistrate Judge by Plaintiff (Doc. No. 4, filed Aug. 4, 2008); and

4. Document Entitled "Motion" by Plaintiff (Doc. No. 10, filed Sept. 17, 2008).

## Background

Plaintiff Domonic D. Robinson brought this action *pro se* against Defendant Lee Temps on July 25, 2008. (Doc. No. 1.) The exact nature of the Complaint is unclear, but Plaintiff appears to be contesting a worker's compensation award decision made in the State of Virginia. (*Id.* at 2-3.) Plaintiff has also filed a Motion for leave to proceed *in forma pauperis*. (Doc. No. 2.) The United States Magistrate Judge issued a Report and Recommendation on Plaintiff's Motion, recommending

that the Motion be denied because the Complaint was frivolous and Plaintiff did not qualify to proceed *in forma pauperis*. (Doc. No. 3 at 3.) Plaintiff objected to the Magistrate Judge's Report and Recommendation, arguing that the conclusions of the Magistrate Judge were "absurd." (Doc. No. 4 at 1.) She continued, "As far as my case being frivolous; I am so frustrated until [sic] all I can write is recens insecutio."[1] (*Id.*) Further, Plaintiff stated, "I seek relief from you to proceed and I plead that you waive the cost. Plain and simple. There is nothing else I can say." (*Id.*) Despite her Objection, on August 26, 2008, Plaintiff paid the $350.00 filing fee to the Clerk of the Court.

On September 17, 2008, Plaintiff filed a document entitled "Motion" with the Court, in which Plaintiff states:

> I have been warned in a dream by God not to go forward, but to handle this case by this manner. I must ask LEE TEMPS and ONE BECON AMERICA INS. CO. for a truce. If you sign the enclosed AFFIDAVIT swearing you will not come after me for any legal cost; I will not serve a summons on you.

(Doc. No. 10 at 1.) Plaintiff does not appear to seek any relief from the Court in this Motion. (*See id.* at 1-2.)

**Standard of Review**

A party seeking to challenge the findings in a Report and Recommendation of a magistrate judge must file "written objections which specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). If a party makes a proper objection, the district court must conduct a *de novo* review

---

[1] Plaintiff's intended meaning here is unclear. *Recens insecutio* is a Latin phrase meaning "fresh pursuit." Black's Law Dictionary 1297 (8th ed. 2004). Historically, this phrase was used to mean the "[p]ursuit of a thief immediately after discovery of the theft." *Id.*

of the portions of the report to which objection is made. *Id.* at 783-84. By contrast, general objections to a report and recommendation are reviewed for "clear error on the face of the record." *Id.* at 784. After concluding its review, the district court may accept, reject, or modify the magistrate judge's findings or recommendations. *Id.* at 784.

**Analysis**

**I.     Motion to Proceed *In Forma Pauperis***

Because Plaintiff does not challenge a specific aspect of the Magistrate Judge's Report and Recommendation, the Court reviews the Judge's findings for clear error. *Id.*; *Craven v. Florida*, No. 6:08-cv-80-Orl-19GJK, 2008 WL 1994976, at *2 (M.D. Fla. May 8, 2008). However, because Plaintiff has paid the filing fee in this case, her Motion to proceed *in forma pauperis* and this aspect of the Report and Recommendation of the Magistrate are now moot. (Doc. Nos. 2-3.)

**II.    Subject Matter Jurisdiction**

In his Report and Recommendation, Judge Baker raised valid concerns about the jurisdiction of this Court over the case. (Doc. No. 3 at 2.) Subject matter jurisdiction must be affirmatively shown in the record before considering the merits of any case. *E.g.*, *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *Id.* The Federal Rules of Civil Procedure require a party to file "a short and plain statement of the grounds for the court's jurisdiction. . . ." Fed. R. Civ. P. 8(a)(1).

In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *Baltin*

*v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). A district court has federal question subject matter jurisdiction over an action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court has diversity jurisdiction in an action where "the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States . . . ." *Id.* § 1332(a).

In examining the Complaint, Judge Baker found that the allegations were "unclear and, in some respects, ambiguous as to the relief sought and the legal bases for seeking relief." (Doc. No. 3 at 1.) The "gist" of the Complaint was that "Plaintiff seeks to recover $1,000,000 in damages from Defendant 'Lee Temps,' a person or entity which she does not describe in the Complaint, other than to say 'appellee is in Virginia.'" (*Id.* at 1-2.) Judge Banker continued, "The Court cannot, on the basis of this [C]omplaint, determine whether Plaintiff has stated (or could state) cognizable claims under state law for these matters. It is obvious, however, that Plaintiff has not raised any *federal* issue that can be heard in this Court." (*Id.* at 2.) Judge Baker then concluded, "Plaintiff's remedies must lie, if at all, with the state courts which have jurisdiction to hear appeals in workers compensation cases under a specific statutory scheme." (*Id.*) As Judge Baker properly noted, Plaintiff has failed to allege a federal cause of action and therefore has not demonstrated that the Court has subject matter jurisdiction pursuant to a specific statutory grant or 28 U.S.C. § 1331.

The only remaining basis for subject matter jurisdiction is diversity of citizenship. "The burden of pleading the diverse citizenship is upon the party invoking federal jurisdiction . . . ." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citation omitted).[2] "For diversity purposes,

---

[2] The Eleventh Circuit Court of Appeals adopted as binding precedent all prior decisions of the former Fifth Circuit Court of Appeals issued prior to October 1, (continued...)

citizenship means domicile; mere residence in the State is not sufficient." *Id.* (citations omitted). In the Complaint, Plaintiff alleges "I live in Florida" and "the appellee is in Virginia . . . ."[3] (Doc. No. 1 at 2.) Plaintiff has not pled the citizenship of either party in the Complaint; therefore, Plaintiff has failed to properly plead diversity jurisdiction. Because Plaintiff has not demonstrated the basis for the Court's subject matter jurisdiction in the Complaint, Plaintiff must file an amended complaint showing the jurisdiction of the Court.

### III.     Additional Document Filed by Plaintiff Entitled "Motion"

Plaintiff's "Motion" at Docket Number 10 does not seek relief of any kind from the Court and appears to be addressed to Defendant Lee Temps and "One Becon America Ins. Co." (Doc. No. 10 at 1.) Such a document is not a motion for relief and is not properly addressed to the Court. Further, the document does not contain a citation of authorities in support in violation of Local Rule 3.01(a). Therefore, it must be stricken. .

### Conclusion

Based on the foregoing, the Motion for Leave to Proceed *In Forma Pauperis* by Plaintiff Domonic D. Robinson (Doc. No. 2, filed July 25, 2008) is **DENIED AS MOOT**. The Report and Recommendation to Deny the Motion for Leave to Proceed *In Forma Pauperis* by the United States Magistrate Judge (Doc. No. 3, filed July 29, 2008) is **MOOT** and therefore is **NOT ADOPTED**. The Document Entitled "Motion" by Plaintiff (Doc. No. 10, filed Sept. 17, 2008) is **ORDERED**

---

[2](...continued)
     1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3]     As Judge Baker also properly noted, "Plaintiff asserts no basis for this Court to exercise personal jurisdiction over this apparently Virginia based defendant." (Doc. No. 3 at 2 n.2.)

**STRICKEN** from the record as an improper filing. Plaintiff shall file an Amended Complaint that demonstrates the basis for this Court's subject matter jurisdiction and otherwise comports with this Order, the Federal Rules of Civil Procedure, and the Local Rules of this District,[4] within ten (10) days from the date of this Order. Failure to comply with this Order will result in dismissal of this case without prejudice and without further notice.

   **DONE** and **ORDERED** in Chambers in Orlando, Florida on September 22, 2008.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[4] The Local Rules are available online at: http://www.flmd.uscourts.gov/LocalRules.htm.